Joel CUERVO–MATEO, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 06–70298.

United States Court of Appeals,
Ninth Circuit.

July 3, 2006.

Stephen Shaiken, Esq., Law Office of
Stephen Shaiken, San Francisco, CA, for
Petitioner.

Ronald E. Lefevre, Chief Counsel, Office
of the District Counsel Department of
Homeland Security, San Francisco, CA,
OIL, U.S. Department of Justice Civil
Div./Office of Immigration Lit., Washing-
ton, DC, for Respondent.

Before: PREGERSON, TALLMAN
and CALLAHAN, Circuit Judges.

ORDER

We have reviewed the petition for re-
view and stay motion, including petition-
er's due process argument. We conclude
that petitioner has failed to raise a color-
able constitutional claim to invoke our ju-
risdiction over this petition for review un-
der the REAL ID Act, Pub.L. No. 109–13,
Div. B, 119 Stat. 231 (2005). See Torres–
Aguilar v. INS, 246 F.3d 1267, 1271 (9th
Cir.2001). Accordingly, respondent's mo-
tion to dismiss this petition for review for
lack of jurisdiction is granted because we
lack jurisdiction to review the Immigration
Judge's discretionary determination that
petitioner did not demonstrate that his
removal would result in exceptional and
extremely unusual hardship to a qualifying
relative under 8 U.S.C. § 1229b(b)(1)(D).
See 8 U.S.C. § 1252(a)(2)(B)(I); Martinez–

Rosas v. Gonzales, 424 F.3d 926, 929–30
(9th Cir.2005); Romero–Torres v. Ash-
croft, 327 F.3d 887, 892 (9th Cir.2003);
Montero–Martinez v. Ashcroft, 277 F.3d
1137, 1144 (9th Cir.2002).

All other pending motions are denied as
moot. The temporary stay of removal and
voluntary departure confirmed by Ninth
Circuit General Order 6.4(c) and Desta v.
Ashcroft, 365 F.3d 741 (9th Cir.2004), shall
continue in effect until issuance of the
mandate.

DISMISSED.

PREGERSON, Circuit Judge,
dissenting.

I dissent. This case, and the sixty-four
others like it filed today, will have an
adverse effect on children born in the
United States whose parent/parents are
illegal immigrants. When a parent is de-
nied cancellation of removal, the govern-
ment effectively deports the United
States-born children of that parent. This
unconscionable result violates due process
because circumstances will force children
to suffer de facto expulsion from the coun-
try of their birth or forego their constitu-
tionally protected right to remain in this
country with their family intact. See, e.g.,
Moore v. City of E. Cleveland, 431 U.S.
494, 503–05, 97 S.Ct. 1932, 52 L.Ed.2d 531
(1977) (plurality opinion) ("Our decisions
establish that the Constitution protects the
sanctity of the family precisely because the
institution of the family is deeply rooted in
this Nation's history and tradition.");
Stanley v. Illinois, 405 U.S. 645, 651, 92
S.Ct. 1208, 31 L.Ed.2d 551 (1972) (recog-
nizing that "[t]he integrity of the family
unit has found protection in the Due Pro-
cess Clause of the Fourteenth Amend-
ment").

Furthermore, as a nation we should rec-
ognize that many children born of illegal

immigrants serve and have served with honor and distinction in our military forces, and many have laid down their lives on the altar of freedom.